# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. |
| | ) |
| NORTHBROOK CROSSING CONDOMINIUM OWNER'S ASSOCIATION, INC., | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers"), for its Complaint for Declaratory Judgment against Defendant, NORTHBROOK CROSSING CONDOMINIUM OWNER'S ASSOCIATION, INC. ("Northbrook Crossing"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Travelers, was and is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Defendant, Northbrook Crossing, was and is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter is one between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has venue pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is located within this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

## NATURE OF THE ACTION

5. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations under an insurance policy.

## FACTS

6. Travelers issued to Northbrook Crossing a "Condominium Pac" insurance policy, number 680-8M372017-20-42, effective from November 1, 2020 to November 1, 2021 (the "Policy"), the relevant forms and endorsements of which are contained in the insurance policy attached as Exhibit A.

7. The Policy insured Northbrook Crossing's interest in seven condominium buildings located at 4721 Everbreeze Circle in Appleton, Wisconsin ("the Property"), against risks of direct physical loss of or damage to covered property, subject to all the terms, conditions, limitations and exclusions stated therein.

8. On September 8, 2021, Northbrook Crossing notified Travelers that the roofs of all seven buildings had been damaged by hail on September 7, 2021.

9. Based on its investigation of the loss, Travelers observed hail damage to the roofs of all seven buildings and estimated the full roof replacement cost value for all seven buildings at $375,197.82.

10. Travelers paid Northbrook Crossing $198,937.80, which was the $375,197.82 replacement cost value less $175,260.02 for depreciation and $1,000 for the Policy deductible.

The depreciation is payable upon satisfaction of the Policy's terms and conditions, including replacement of the roofs.

11. Thereafter, Northbrook Crossing replaced the roofs on the Property (the "Work") and submitted a final invoice in the amount of $594,608.43.

12. Upon review of the information provided by Northbrook Crossing in connection with the Work, Travelers increased the replacement cost value to $378,432.72 using the Xactimate estimating software and issued supplemental payments totaling $178,494.92. A true and correct copy of Travelers' estimate is attached as Exhibit B.

13. Travelers also issued payment to Northbrook Crossing in the amount of $5,048.42 to cover building code upgrade costs Northbrook Crossing incurred in connection with the Work.

14. The Policy contains the following provision for resolution of certain disputes through appraisal (the "Appraisal Provision"):

> **BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM**
> **MP T1 02 02 05, Page 27 of 39**
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

15. On January 20, 2023, Josh Hansen on behalf of Northbrook Crossing made a written demand for appraisal and selected Don Lathrop as the appraiser for Northbrook Crossing.

16. Travelers selected Ray Pawlak as its appraiser.

17. The appraisers selected John Ortenblad as the umpire.

18. Starting on or before March 2, 2023, and continuing thereafter to the present, Travelers' appraiser has periodically and variously requested Northbrook Crossing's appraiser, and Travelers has periodically and variously requested Northbrook Crossing, to produce the original contract between Northbrook Crossing and Family First Construction (the contractor for the Work), work orders, invoices, copies of all checks or credit card statements and/or verifiable receipts showing the costs incurred for materials, and copies of sub-contractor proposals and contracts.

19. On behalf of Northbrook Crossing, Josh Hansen responded that Northbrook Crossing was not required to provide these materials.

20. On August 2, 2023, Travelers wrote Northbrook Crossing informing Northbrook Crossing of its duty under the Policy to produce records and to cooperate with Travelers in the investigation of the claim and reserving its rights under the Policy. A true and correct copy of Travelers' August 2, 2023, reservation of rights letter is attached as Exhibit C.

21. On or about August 10, 2023, Northbrook Crossing produced the contract between Northbrook Crossing and Family First Construction for the Work (the "Contract") but no other documents. A true and correct copy of the Contract is attached as Exhibit D.

22. Instead, Northbrook Crossing asserted it did not have any other responsive documents and "suggest[ed] [that] if the [appraisal] panel would like those documents that they ask the contractor."

# COUNT I

## (Declaratory Judgment – Liability)

23. Travelers incorporates by reference the allegations contained in Paragraphs 1 – 22.

24. The Contract contains the following provisions:

> NCCOA board understands that this document is A CONTRACT and NOT A PROPOSAL, that no estimate will be provided and that aside from upgrades, a summary of the work to be performed, a description of materials to be used or a list of standard features included, the total contract price, or a description of the basis on which the price will be calculated, is embodied in the xactimate estimate provided by Owner's insurance carrier and that this amount will constitute **the scope of work to be performed and the Price for the work**.
>
> \* \* \*
>
> In the event Owner's insurance company approves repairs for an amount acceptable to Contractor, Owner agrees to employ Contractor to perform all such work approved by Owner's insurance company for the price stated by Owner's insurance company for such work.
>
> Otherwise, Owner is only obligated to pay Contractor: (a) the amount authorized by Owner's insurance company; (b) any deductible required by Owner insurance company.

(Emphasis in original).

25. Pursuant to the Contract, the total contract price for the Work is $378,432.72—the amount embodied in the Xactimate estimate provided by Travelers to Northbrook Crossing.

26. Travelers did not approve to pay any other repairs except $5,048.42 to cover building code upgrade costs Northbrook Crossing incurred in connection with the Work.

27. The Policy contains the following provision:

> **BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM**
> **MP T1 02 02 05, Page 29 of 39**
>
> We will not pay more for loss or damage on a replacement cost basis than the least of Paragraphs (i), (ii) or (iii) subject to Paragraph (d) below:

5

  (i) The Limit of Insurance applicable to the lost or damaged property;

  (ii) The cost to replace the lost or damaged property with other property:

    a) Of comparable material and quality; and
    b) Used for the same purpose; or

  (iii)The amount actually spent that is necessary to repair or replace the lost or damaged property.

28. Under the Contract, the amount that Northbrook Crossing actually spent that was necessary to repair or replace the lost or damaged property was $378,432.72 plus 5,048.42 to cover building code upgrade costs Northbrook Crossing incurred in connection with the Work, for a total cost of $383,481.14.

29. Northbrook Crossing is not entitled to recover more than the value of the Contract for the Work, which value is based on the amount embodied in the Xactimate estimate provided by Travelers to Northbrook Crossing.

30. Any award under the Appraisal Provision for an amount greater than the amount of the Contract for the Work would exceed the amount that Northbrook Crossing is entitled to receive under the Policy and result in a windfall to Northbrook Crossing.

31. Travelers, accordingly, seeks a declaratory judgment that Northbrook Crossing is not entitled to any additional proceeds for the Work and that Travelers has satisfied its Policy obligations to Northbrook Crossing for the Work.

32. There is an actual and justiciable controversy concerning the amount Northbrook Crossing is entitled to receive for the Work under the Policy.

33. Declaratory relief from this Court is therefore appropriate to declare Travelers' and Northbrook Crossing's rights and obligations under the Policy.

34. In order to conserve the parties resources and to avoid incurring expenses for an appraisal award that is later declared invalid, the Court should issue an order staying the appraisal pending the outcome of this action.

WHEREFORE, Plaintiff, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, prays this honorable court issue an order staying the appraisal pending the outcome of this action, enter judgment in its favor on Count I of its Complaint for Declaratory Judgment declaring and determining that Defendant, NORTHBROOK CROSSING CONDOMINIUM OWNER'S ASSOCIATION, INC., is not entitled to any additional proceeds under the Policy for the Work, and granting such other and further relief as is deemed just and proper.

## COUNT II

### (In the Alternative – Declaratory Judgment – Cooperation)

35. Travelers incorporates by reference the allegations contained in Paragraphs 1 – 22.

36. The Policy contains the following provision:

**BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM**
**MP T1 02 02 05, Page 29 of 39**

> We will not pay more for loss or damage on a replacement cost basis than the least of Paragraphs (i), (ii) or (iii) subject to Paragraph (d) below:
>
> (i) The Limit of Insurance applicable to the lost or damaged property;
>
> (ii) The cost to replace the lost or damaged property with other property:
>
>   c) Of comparable material and quality; and
>   d) Used for the same purpose; or
>
> (iii) The amount actually spent that is necessary to repair or replace the lost or damaged property.

37. Because the Work has been completed, the work orders, invoices, copies of all checks or credit card statements and/or verifiable receipts showing the costs incurred for materials, copies of sub-contractor proposals and contracts, and any other documents relating to the Work performed are relevant to determining the amount actually spent that was necessary to repair or replace the Property.

38. In the event the Court does not enter the declaration requested in Count I and the parties' dispute is returned to appraisal for resolution, Travelers requests a declaratory judgment that Northbrook Crossing is required to produce all the records associated with the Work, including but not limited to work orders, invoices, copies of all checks or credit card statements and/or verifiable receipts showing the costs incurred for materials, and copies of sub-contractor proposals and contracts and, to the extent that Northbrook Crossing is not able to acquire any or all of these records, that Travelers be granted leave to subpoena Family First Construction and any other relevant party for the records before the appraisal continues so that the appraisal panel can have the benefit of the information regarding the actual costs incurred for the Work.

39. There is an actual and justiciable controversy between the parties with respect to Northbrook Crossing's obligation to produce these records.

40. Declaratory relief from this Court is therefore appropriate to declare Travelers' and Northbrook Crossing's rights and obligations under the Policy.

41. In order to conserve the parties resources and to avoid incurring expenses for an appraisal award that is later declared invalid, the Court should issue an order staying the appraisal pending the outcome of this action.

WHEREFORE, Plaintiff, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, prays this honorable court issue an order staying the appraisal pending the outcome

of this action, enter judgment in its favor on Count II of its Complaint for Declaratory Judgment declaring and determining that it has the right to all the records associated with the Work, and granting such other and further relief as is deemed just and proper.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

By: _____
Thomas B. Orlando
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
torlando@fgppr.com