UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

  v.            Case No. 23-C-1631

NORTHBROOK CROSSING CONDOMINIUM
OWNER'S ASSOCIATION, INC.,

    Defendant.

## DECISION AND ORDER

  Plaintiff Travelers Casualty Insurance Company of America brought this declaratory judgment action against its insured, Defendant Northbrook Crossing Condominium Owner's Association, Inc. On October 11, 2024, Plaintiff filed a motion for reconsideration. Defendant's response to the motion was due November 1, 2024, but Defendant did not file its response brief until November 18, 2024. Defendant did not seek leave to file the belated response or acknowledge the deadline had already passed in responding to Plaintiff's motion for reconsideration. Plaintiff subsequently filed a motion to strike Defendant's untimely response brief or, alternatively, to extend the time to file a reply brief in support of its motion for reconsideration. Defendant does not dispute that its response brief was untimely and has now filed a motion for an extension of time to file a response brief by December 9, 2024.

  Federal Rule of Civil Procedure 6 provides that when a motion for an extension of time is made after an expired deadline, the court may, for good cause, grant the motion if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The question of whether a party's

neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). "Relevant circumstances" include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Defendant argues that its tardiness in filing the response brief should be excused because counsel had mistakenly failed to calendar the response deadline. Upon discovering the error, Defendant's counsel filed the response brief on November 18, 2024. Plaintiff takes no position on whether Defendant's counsel's neglect should be excused. *See* Dkt. No. 37 at 2.

"To preserve marginal deterrence and retributive justice, and avoid excessive expenditures on compliance, sanctions should be proportional to the gravity of the wrongdoing that they punish." *Lorenzen v. Employees Ret. Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir. 1990) (citation omitted). After considering the circumstances presented, though Defendant's counsel's handling of the case may have been careless, the neglect is excusable. Defendant's delay was not overly lengthy and the impact on these proceedings is minimal. Plaintiff will not suffer prejudice by the delay, as the court will extend its time to file a reply in support of its motion for reconsideration. The court concludes that striking Defendant's response would be an excessive sanction. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").

For these reasons, Plaintiff's motion to strike or for an extension of time to file a reply brief (Dkt. No. 30) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The court denies Plaintiff's

2

motion to strike Defendant's response brief but will grant Plaintiff's request for an extension of time. Plaintiff must file a reply brief in support of its motion for reconsideration on or before **January 6, 2025**. Defendant's motion for an extension of time to file a response brief (Dkt. No. 33) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The court accepts Defendant's response brief (Dkt. No. 29) as timely filed but will not extend Defendant's time to file an amended response brief. Defendant is warned that failure to comply with future deadlines will result in more severe sanctions.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge